**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

KOLE AKINOLA,            :

                       :   Civil Action No. 04-2761 (WGB)

        Plaintiff,   :

                       :

        v.            :     **O P I N I O N**

                       :

JOHN DOE 1, et al.,    :

                       :

        Defendants.   :

**APPEARANCES:**

     KOLE AKINOLA, Plaintiff <u>pro se</u>
     # 437058
     Southern State Correctional Facility
     P.O. Box 150
     Delmont, New Jersey  08314

**BASSLER**, District Judge

     This matter comes before the Court upon <u>pro se</u> Plaintiff, Kole Akinola's ("Akinola") motion for reconsideration of this Court's December 27, 2004 Opinion and Order dismissing certain claims in Akinola's Complaint, filed on June 14, 2004, as time-barred, and dismissing the remaining claims, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  On or about January 27, 2005, Akinola submitted an application for leave to file a motion for reconsideration.  The Court granted leave on March 16, 2005.  Akinola filed his motion for reconsideration on March 28, 2005.

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion for reconsideration is denied.

## I.  BACKGROUND

On or about June 14, 2004, Akinola filed the civil complaint at issue, alleging claims of malicious prosecution by the named defendants with respect to the seizure of his money, and false arrest and imprisonment for the period of time that Akinola was incarcerated until the criminal complaint was no-billed on December 4, 2000.[1]  On December 27, 2004, this Court entered an Opinion and Order dismissing Akinola's complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim and as time-barred.

In particular, the Court found that Akinola's claim of false arrest and imprisonment was time-barred.  Although a § 1983 claim for false arrest and imprisonment typically accrues on the date of the plaintiff's arrest, see Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998), which in this case was June 3, 2000, the Court determined that at the latest, Akinola's claim accrued on December 4, 2000, when the grand jury "no billed" the indictment.

---

[1]  The named defendants included:  four John Doe police officer defendants with the Clifton Police Department; the Clifton Police Department; the Township of Clifton; Ronald S. Fava, Passaic County Prosecutor; Mitchell H. Spingarn, Assistant Prosecutor; and the Passaic County Prosecutor's Office. (Complaint, Caption).

2

See <u>Sameric Corp. Of Delaware v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998).  However, Akinola did not file his complaint until June 8, 2004,[2] which was almost four years after his claim had accrued and almost two years after the limitations period on such a claim had run.  Akinola's complaint asserted no facts to support a claim that statutory tolling or equitable tolling applied.

Further, the Court found that Akinola's malicious prosecution claim stemming from his arrest in June 2000 was likewise time-barred for the same reasons as set forth with respect to the false arrest and imprisonment claim.  However, with respect to the forfeiture proceeding, the Court found that the malicious prosecution claim was not cognizable because Akinola had not received a favorable termination of that proceeding, a necessary element in such an action.  <u>See</u> <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975).  Moreover, because the Court's adjudication on a malicious prosecution claim would call into

---

[2]  The complaint was not received by the Court until June 14, 2004.  However, giving Akinola the benefit of all inferences related to the date he filed his complaint, the Court finds that Akinola "filed" his complaint on the date he handed them to prison officials to be mailed to the Court for filing.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because the Court does not know the exact date on which Akinola handed his complaint to prison officials for mailing, it will use the date on which Akinola signed his complaint, which was June 8, 2004.

question the validity of the forfeiture proceeding, Akinola cannot seek damages in a § 1983 claim for malicious prosecution unless and until the forfeiture ruling is overturned on appeal or on state or federal collateral review.  See Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Now, in his motion for reconsideration, Akinola attempts to explain that the discovery rule should apply to toll the statute of limitations period with respect to his claims for false arrest and imprisonment, and malicious prosecution claim stemming from his June 2000 arrest and December 4, 2000 "no bill".  First, Akinola alleges that during his incarceration from May 26, 2001 through April 8, 2002, on unrelated charges, he made repeated inquiries with respect to his outstanding warrants, charges, pending indictments and court cases.  During this time, he received information as to other outstanding warrants, but he did not receive any information with respect to the disposition of the June 2000 arrest.  He also claims that he was never notified that the Passaic County Grand Jury "no-billed" him.  The Passaic County Prosecutor's Office also failed to notify him despite the fact that Akinola was incarcerated in the Passaic County Jail.

Next, Akinola states that he was transferred to the Essex County Jail on April 8, 2002, and was sentenced on unrelated Essex County charges on September 10, 2002.  It was at this time that Akinola admits that he first learned he was "no-billed" on

4

the Passaic County charge from his pre-sentence investigation
report.  Thereafter, he made inquiries about the $2911.00
confiscated from him.  In January 2003, Akinola finally received
the forfeiture judgment.

Akinola states that he did not include these facts in his
complaint because he thought he only had to include facts about
his claims.

## II.  <u>ANALYSIS</u>

Motions for reconsideration are not expressly recognized in
the Federal Rules of Civil Procedure.  <u>United States v.
Compaction Sys. Corp.</u>, 88 F. Supp.2d 339, 345 (D.N.J. 1999).
Generally, a motion for reconsideration is treated as a motion to
alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion
for relief from judgment or order under Fed.R.Civ.P. 60(b).  <u>Id</u>.
In the District of New Jersey, Local Civil Rule 7.1(g) governs
motions for reconsideration.  <u>Bowers v. Nat'l. Collegiate
Athletics Ass'n.</u>, 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek
reconsideration by the Court of matters "which [it] believes the
Court has overlooked" when it ruled on the motion.  L. Civ. R.
7.1(g); <u>see</u> <u>NL Industries, Inc. v. Commercial Union Insurance</u>,
935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument
is high and reconsideration is to be granted only sparingly.  <u>See
United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  The

movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279

6

(D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

7

Here, Akinola presents the Court with facts that were not alleged in the complaint.  These facts, concerning when he learned about the grand jury's "no-bill" and the forfeiture proceeding, are not newly-discovered facts.  Akinola simply thought he did not need to assert them in his initial pleading.  However, even if the information was newly-discovered, it does not help Akinola, and his motion for reconsideration must be denied.

Notably, Akinola admits that he learned of the "no-bill" on September 10, 2002, within the limitations period for bringing both a malicious prosecution claim and false arrest and imprisonment claim, which would have expired on December 4, 2002.  Under New Jersey law, the discovery rule provides that "a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim."  Freeman v. State, 347 N.J. Super. 11, 29 (App. Div. 2002), certif. denied, 172 N.J. 178 (2002)(quoting Lopez v. Swyer, 62 N.J. 267, 272 (1973).  Here, Akinola "must show that [he] could not, through reasonable diligence and intelligence, have discovered a basis for [his] claim[s] *within* the applicable limitation period."  Freeman, 347 N.J. Super. at 29 (citing Lapka v. Porter Hayden Co., 162 N.J. 545, 556 (2000).  (Emphasis added).

8

Akinola does not deny knowledge of his arrest and the confiscation of his money on June 4, 2000.  Thus, he can be attributed with the knowledge and awareness that his civil rights may have been violated at that time.  Moreover, Akinola plainly learned that his case was dropped before the limitations period had expired.  Accordingly, this Court finds that Akinola's invocation of the discovery rule would not apply to toll accrual of his cause of action.

Furthermore, the new facts alleged by Akinola in his motion for reconsideration do not alter this Court's earlier ruling that equitable tolling does not apply.  New Jersey law permits "equitable tolling" only where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  See Freeman, 347 N.J. Super. at 31 (citations omitted).  "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

This Court further noted in its earlier opinion that the federal tolling doctrine did not save Akinola's action from

dismissal as time-barred.  <u>See</u> <u>Lake v. Arnold</u>, 232 F.3d 360, 370
(3d Cir. 2000).  Under federal law, equitable tolling is
appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff
> with respect to her cause of action; (2) where the
> plaintiff has been prevented from asserting her claim
> as a result of other extraordinary circumstances; or
> (3) where the plaintiff asserts her claims in a timely
> manner but has done so in the wrong forum.

<u>Id.</u> n.9.

Here, Akinola's new allegations do not show any
extraordinary circumstances that would permit equitable tolling
under either New Jersey or federal law.  Akinola was plainly
aware of his due process rights in 2000.  He does not allege any
facts to show that the defendants prevented him in any way from
timely filing his complaint until almost four years later.  His
only argument is that he was incarcerated for a period of time
during the limitations period, and that this interfered with his
discovery of the June 2000 charges being dropped in December
2000.  The mere fact of incarceration without an explanation as
to how or who actually prevented Akinola from exercising his
right to file suit is not an extraordinary circumstance
contemplated under the equitable tolling doctrine.  <u>See</u> <u>Freeman</u>,
347 N.J. Super. at 32.  Indeed, Akinola admits that he was not
impeded in making inquiries about his prior arrests, charges and
court records.  He therefore had the opportunity to exercise
reasonable diligence and effort to discover the fact of the "no

bill" before the limitations period had expired.  Consequently, it was Akinola's inaction, not the interference by the defendants, that formed the basis for his failure to timely file his complaint.  <u>See</u> <u>Freeman</u>, 347 N.J. Super. at 32.

Accordingly, the Court finds no grounds for granting reconsideration where Akinola has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Finally, the Court notes that Akinola also seeks reconsideration of the dismissal of his malicious prosecution claim relating to the forfeiture of his $2911.00, which was confiscated in June 2000.  Akinola states that he did not learn of the March 19, 2001 forfeiture ruling until January 2003.  This does not change the Court's ruling in its December 27, 2004 Opinion and Order, which dismissed the malicious prosecution claim without prejudice as to the forfeiture issue because Akinola was unable to show all the elements of such a claim, namely, that he has not received a favorable termination of the forfeiture proceeding at the time he filed his complaint.

### III. <u>CONCLUSION</u>

For the reasons expressed above, Akinola's motion for reconsideration will be denied.


<u>/S/ WILLIAM G. BASSLER</u>
WILLIAM G. BASSLER
Senior United States District Judge


Dated: 30 August 2005